UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON THURMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01085-RLY-DML |
| ) | |
| WILLIAM LAWRENCE, Judge, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

**Background**

The plaintiff sought and received leave to proceed *in forma pauperis*, meaning that she has been permitted to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor.").

Congress has recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Thus, the *in forma pauperis* statute includes a screening procedure that requires courts to review complaints where a plaintiff is proceeding as a pauper. 28 U.S.C. § 1915(e)(2)(B). The statute requires the *sua sponte* dismissal of a complaint if "the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." *Id*. As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and

waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke,* 490 U.S. at 327–28.

The plaintiff is not represented by counsel in this case. This has a particular consequence. The Seventh Circuit has explained that "pro se petitions are to be construed liberally, and should be held to standards less stringent than formal pleadings drafted by attorneys. . . . The question for us is whether the petition adequately presents the legal and factual basis for the claim, even if the precise legal theory is inartfully articulated or more difficult to discern." *Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014)(internal citations omitted).

**Legal Standard**

Application of the "fails to state a claim on which relief can be granted" factor of 28 U.S.C. § 1915(e)(2)(B) is based on the same standard set forth in Rule 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)(citing *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011)). Thus, "[a]lthough pro se complaints are construed liberally, [the plaintiff] cannot escape the essential requirement that [s]he plead a claim that is 'plausible on its face.'" *Khor Chin Lim v. BMO Fin. Grp.,* 497 F. App'x 621, 625 (7th Cir. 2012)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007), and citing *Arnett*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 662. Plausibility is defeated, however, when a plaintiff pleads herself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

**Analysis**

Thurman's allegations are clear: the defendants are two Article III judges of this court who Thurman claims have violated her constitutional rights by ruling as they did in lawsuits filed by her.

Because the defendants are judicial officers, the question of their judicial immunity arises. Judicial immunity exists because of the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray,* 386 U.S. 547, 554 (1967).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Mireles v. Waco,* 502 U.S. 9, 10 (1991)(quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347 (1871)).

Judges have absolute immunity from suits for damages arising out of acts performed in their judicial capacities. *Id.* The Supreme Court has recognized only two instances in which judicial immunity is inapplicable. "First a judge is not immune from liability for non-judicial actions, *i.e.* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions though judicial in nature, taken in the complete absence of all jurisdictions." *Id.* at 11.

The actions attributed to the defendants are their rulings in lawsuits previously filed by Thurman. These actions are quintessentially judicial acts, *see Dellenbach v. Letsinger,* 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied,* 494 U.S. 1085 (1990); *Robinson v. Clevert*, No. 10-C-0369, 2010 WL 2384267, at *2 (E.D.Wis. June 8, 2010), and Thurman has alleged no facts to support an inference that the defendants acted in the clear absence of jurisdiction.

**Conclusion**

"The Supreme Court's decisions in '*Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim.'" *Reserve Hotels PTY Ltd. v. Mavrakis*, 790 F.3d 738, 740 (7th Cir. 2015)(quoting *Bank of America, N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013), and citing *Ashcroft v. Iqbal,* 556 U.S. 662(2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)).

Thurman's complaint lacks plausibility because her claims lack viability, meaning that her complaint fails to state a claim upon which can be granted. The action will therefore be dismissed with prejudice. No conceivable amendment to the complaint would alter the fate of Thurman's claims. Thus, because any amendment would be futile, no leave to amend will be given. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) ("[A] district court may refuse leave to amend where amendment would be futile.") (citation omitted).

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 10/18/2015

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHARON THURMAN
6036 E. 42nd Street
Indianapolis, IN 46226